# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-718V
UNPUBLISHED

| | |
|---|---|
| EDNA BEEBE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 16, 2023<br><br>Show cause; failure to prosecute; influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jonathan J. Svitak*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

On January 12, 2021, Edna Beebe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration from an influenza vaccine she received on September 30, 2020. ECF No. 1. Petitioner did not file any supporting documents with her petition. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### **Relevant Procedural History**

On February 9, 2021, the PAR Initial Order issued requiring Petitioner to file medical records and other statutorily required supporting documentation. ECF No. 5.

In Petitioner's third motion for extension of time filed on June 21, 2021, Petitioner's counsel indicated he had "made several attempts to contact Petitioner in order to complete the PAR process and file a Statement of Completion, but has been unsuccessful." ECF No. 8. Counsel requested additional time to contact Petitioner and complete the PAR process before seeking dismissal of this case.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "Section" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

After no further exhibits or motions were filed, an order issued on February 18, 2022, requiring Petitioner to provide an update on her efforts to obtain the outstanding documents. ECF No. 10.

On March 22, 2022, Petitioner's counsel filed a status report indicating that he "has been attempting to complete this Court's PAR process, but has encountered unforeseen delays" and "seeks the Court's guidance with how to best proceed under the current circumstances." ECF No. 11. Via informal communications, an OSM Staff Attorney explained to counsel the current procedures for handling vaccine cases where the petitioner has become unresponsive to her attorney.

On July 25, 2022, counsel filed a status report indicating that he has been unable to communicate with Petitioner since he had been retained on November 18, 2020. ECF No. 12. Counsel detailed the numerous attempts to contact Petitioner.

On August 31, 2022, I issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 13. On September 21, 2022, counsel indicated that the Order to Show Cause had been served on Petitioner and filed a signed certified mail receipt. ECF No. 14. On October 5, 2022, the Clerk's Office docketed that a certified mail receipt for the Order to Show Cause served on Petitioner by the Court. ECF No. 15. The show cause deadline passed without any response from Petitioner.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the August 31, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the response to the Order to Show Cause, Petitioner has been out-of-touch with her counsel since November 2020. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."